Filed 6/17/21
See Concurring Opinion

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E074251 |
| v. | (Super.Ct.No. CR59166) |
| MICHAEL JOHN COLEMAN, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Robin Urbanski and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Michael John Coleman appeals from the denial of his petition for resentencing under section 1170.91.[1]  That section allows a current or former servicemember who may be suffering from sexual trauma or substance abuse (among other conditions) as a result of his or her military service to obtain a new sentencing hearing.

Defendant contends that he pleaded and proved a qualifying condition, and that the trial court erred by ruling otherwise.  We agree.  Hence, we will reverse.

I

FACTUAL AND PROCEDURAL BACKGROUND

Starting in 1988, defendant sexually molested a boy whom he was supposedly mentoring through the Big Brother program.  The molestation included oral copulation and sodomy.  Later, he began similarly molesting the boy's cousin.  The boys disclosed the molestation in 1994.  They said defendant "would molest them every time he saw them."

In 1995, in a jury trial, defendant was convicted of a total of 78 sex offenses against a child victim — 51 counts of a lewd act on a child under 14 (§ 288, subd. (a)), 24 counts of a lewd act on a child under 16 (former § 288, subd. (c); see now § 288, subd. (c)(1)), and 3 counts of sodomy with a person under 18 (§ 286, subd. (b)(1)).  In 1996, he was given a sentence (as subsequently amended) of a total of 126 years in prison.

---

[1]      This and all further statutory references are to the Penal Code.

2

In 2019, he filed a petition, in propria persona, for resentencing pursuant to section 1170.91.

In the petition and a supporting declaration, he stated that he had served a total of 17 years 10 months in the Air Force and the California Air National Guard. He claimed to have two qualifying conditions.

First, he testified, "I was a victim of sexual assault and plausibly suffer from sexual trauma as a result . . . ." Around June 1980, he was in the chapel annex at George Air Force Base when a civilian named Greg "started groping and molesting [him] on a couch." Greg desisted when another person came in. Defendant did not report the assault to Air Force authorities because he was afraid they would not believe it was nonconsensual; he would be viewed as a homosexual and discharged from the military.

Second, he testified, " . . . I was subjected to [n]arcotics abuse by other airmen and [s]upervisors . . . ." In one instance, another service member handed him "a pipe of [m]arijuana" during a post-flight inspection. "I also encountered numerous sporadic infrequent periods of alcohol abuse during my military service from October 1978 to my arrest in September 1994." "[A]lcohol abuse was almost a routine part of [m]ilitary life."

"[I]t is plausible that these issues and trauma in my life can account for [my] flawed decision making."

He supplied documentary evidence that he had served in the Air Force from 1978 through 1982, when he was honorably discharged. He testified that the original sentencing court had refused to consider his military service.

3

The People opposed the petition, arguing that:

(1) Defendant had not offered any documentary evidence that he had served for 18 years;

(2) Defendant had not offered any documentary evidence that the original sentencing court had not considered his military service at sentencing;

(3) Defendant had not offered any corroborating evidence that he suffered from sexual trauma or substance abuse; and

(4) Even if defendant did suffer from sexual trauma or substance abuse, that would not be mitigating in light of the gravity of the crimes.

Defendant was appointed counsel. His counsel filed a reply, including a transcript of the original sentencing hearing; it showed that the original sentencing court had not considered either sexual trauma or substance abuse resulting from defendant's military service as a mitigating factor.

After hearing argument, the trial court denied the petition, without prejudice. It explained that defendant was required to allege that: "I am a veteran. . . . I suffer from something related to my service . . . PTSD, some mental health issue, or a drug dependency. And I didn't see any of those in the petition." "I did not see, I suffer from some form of diagnosed medical condition. I did not see, I suffer from drug abuse — as a result of what happened . . . ." "[I]t's not military service that's the factor in mitigation. It's military service, coupled with some mental disability that flows from that service . . . ."

4

## II

## DEFENDANT MADE THE REQUISITE SHOWING

Section 1170.91, enacted in 2014, allows a court imposing a determinate felony sentence to consider the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . as a factor in mitigation . . . ." (§ 1170.91, subd. (a); see also former § 1170.91, Stats. 2014, ch. 163, § 2, p. 2228.)

In 2018, it was amended to permit retrospective relief from a final judgment. Thus, it also provides, as relevant here:

"A person currently serving a sentence for a felony conviction . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A)  The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B)  The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b).)

"Upon receiving a petition . . . , the court shall determine, at a public hearing . . . , whether the person satisfies the criteria in this subdivision.  At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing.  If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing."  (§ 1170.91, subd. (b)(3).)[2]

It is undisputed that defendant was a member of the United States military.  The People quibbled below that, although he claimed nearly eighteen years of service, he produced documentary evidence of only four.  According to defendant, he served four years in the Air Force and the other fourteen in the California Air National Guard.  The exact number of years he served is irrelevant.  He testified that both the sexual abuse and the substance abuse occurred during his documented time in the regular Air Force.

It is also undisputed that the original sentencing court did not consider any sexual trauma or any substance abuse that resulted from defendant's military service.

And it is undisputed that defendant was sentenced prior to January 1, 2015.

---

[2]        Although the statute provides that, "[u]pon receiving a petition," the trial court "shall" hold a hearing, it is conceivable that the trial court can conduct a preliminary screening of the petition and can refuse to hold a hearing if the petition is insufficient.  We need not decide this question, because here, the trial court did hold a hearing.

It is also not entirely clear whether evidence may be presented at the hearing required by section 1170.91, subdivision (b)(3), or whether all of the relevant evidence must be submitted with the petition and the opposition.  Again, we need not decide this question, because neither side offered any additional evidence at the hearing.

6

The crux of the dispute, then, is whether defendant satisfactorily showed that he "may be suffering from sexual trauma [or] substance abuse . . . as a result of his . . . military service . . . ."

The trial court ruled that defendant had failed to allege a qualifying condition resulting from his military service. Actually, he stated, "I was a victim of sexual assault and plausibly suffer from sexual trauma as a result . . . ." The word "plausibly" does not diminish this otherwise plain statement. It appears to mean that while defendant, as a nonexpert, could not offer a professional diagnosis, his lay diagnosis was plausible. At oral argument, the People conceded that "[s]elf-diagnosis is perfectly fine, we're not contesting that at all." And, of course, we also know that defendant was a convicted child molester.

The statute merely requires a petitioner to allege that he or she "may be suffering from" a qualifying condition. (§ 1170.91, subd. (b)(1).) It does not require a petitioner to allege evidentiary facts, such as the symptoms or manifestations of the qualifying condition. It may well be in a petitioner's interest to do so, particularly when the People dispute the truth of the allegation. Here, however, the trial court denied the petition because it ruled that the allegations were insufficient, not because it found them not credible.

Defendant also stated, "I was subjected to [n]arcotic abuse by other airmen and [s]upervisors at George Air Base"; for example, he was given marijuana. "I also encountered numerous sporadic infrequent periods of alcohol abuse during my military

7

service from October 1978 to my arrest in September 1994." "[A]lcohol abuse was almost a routine part of [m]ilitary life." The People argue that defendant did not clearly state that *he* abused substances, only that he was "subjected to" and he "encountered" substance abuse. While his petition (in propria persona) certainly could have been clearer, it was sufficiently clear on this point. As giving him marijuana "subjected" him to narcotics abuse, the reasonable inference is that it was narcotics abuse *by him*. And if "alcohol abuse was almost a routine part of [m]ilitary life," the reasonable inference is that it was a routine part of *his* military life. Finally, he stated, "[I]t is plausible that these issues and trauma in my life can account for [my] flawed decision making." This indicates that it was his own substance abuse and his own resulting trauma.

In any event, even assuming defendant did not adequately allege that he may be suffering from substance abuse, he did adequately allege that he may be suffering from sexual trauma.

There is not a whole lot of law to guide us, beyond the bare language of the statute. In *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, the defendant stated that "he had served in the Marine Corps and ended up suffering from 'serious mental health issues and substance abuse addiction' as a result. To support this claim, he attached extensive Marine Corps service records and Department of Corrections and Rehabilitation mental health records." (*Id*. at p. 238.) The People conceded that this was sufficient. (*Id*. at p. 239.) Except that the defendant there had more documentary evidence, defendant here made essentially the same showing.

8

The structure of the statute makes it clear why it uses "may" rather than "does." If, after a hearing, the trial court finds that the petitioner may be suffering from a qualifying condition as a result of his or her military service, it "may, in its discretion, resentence the person following a resentencing hearing." It does not necessarily have to resentence the petitioner. And if it does, it need only consider the fact that the petitioner may be suffering from a qualifying condition as a result of his or her military service as one mitigating factor, along with all of the other mitigating and aggravating factors in the case. The People are free to challenge the credibility of the petitioner's claim.

The statute does not require the petitioner to allege that the qualifying condition actually contributed to the commission of the crime. Even if it did, however, here defendant testified, "[I]t is plausible that these issues and trauma in my life can account for [my] flawed decision making."

The People note defendant's assertion that, while in prison, "I have made significant achievements in correcting criminal thinking by rehabilitation with self-help therapy groups[] and religious studies. I have performed satisfactory to excellent at multiple job assignments . . . ." Apparently their point is that this conclusively disproves any sexual trauma or substance abuse. But it does not.

This is not a case in which there was only one possible sentence. The trial court had discretion to impose lower term sentences, rather than midterm sentences; it also had discretion to run terms concurrently. The People have not argued that the error was harmless for any other reason.

9

In sum, then, defendant made a sufficient showing that he satisfied the statutory criteria. The trial court erred by ruling otherwise. As a result, it never reached the People's arguments that defendant had not submitted sufficient corroborating evidence or that his claimed sexual trauma and substance abuse were not sufficiently mitigating to call for resentencing. These remain open for litigation on remand.

### III

### DISPOSITION

The order appealed from is reversed. On remand, the trial court must hold a new hearing, at which it may, in its discretion, resentence defendant.

CERTIFIED FOR PUBLICATION

RAMIREZ_____
P. J.

I concur:

McKINSTER_____
J.

10

[*People v. Michael John Coleman*, E074251]

MENETREZ, J., Concurring.

      Michael John Coleman petitioned for resentencing under Penal Code section 1170.91, subdivision (b) (unlabeled statutory citations are to this code). The trial court denied the petition without prejudice on the ground that it contained no "averment" of a qualifying condition. The trial court did not weigh any evidence, find any facts, or determine whether Coleman submitted sufficient evidence to support the allegations in his petition, so those issues are not before us. Rather, the only question presented on Coleman's appeal is whether he sufficiently alleged a qualifying condition, with or without sufficient evidentiary support.

      Subdivision (b)(1) of section 1170.91 authorizes resentencing for a petitioner "who may be suffering from sexual trauma" or "substance abuse . . . as a result of his or her military service." Coleman's petition contains the following sentence: "It is my contention that I plausibly suffer from sexual trauma from a sexual assault I suffered in the Military and from trauma from substance abuse I encountered in the Military." The petition does not contain any other allegation of a qualifying condition.

      The declaration attached to the petition, however, contains additional statements that we may consider as supplementing the allegations in the petition. (Cf. *Satten v. Webb* (2002) 99 Cal.App.4th 365, 375 [in ruling on a demurrer, a court may consider facts stated in exhibits attached to the pleading under review].)[1] Coleman's declaration

---

[1]     Because the only issue before us is the sufficiency of Coleman's allegations, I conclude that our review should be analogous to review of a judgment of dismissal following the sustaining of a demurrer.

states the following: "I was a victim of sexual assault and plausibly suffer from sexual trauma as a result of an assault in approximately June 1980 at the chapel annex known as 'Coffee House' at George Air Base, Victorville, California. A civilian known only to me as 'Greg' who somehow was let on Base and into the Chapel Annex started groping and molesting me on a couch[.] The assault was stopped when a fellow Airman came into the Coffee House and Greg was embarrassed and stopped. I was bewildered by the incident and realized I was sexually assaulted by the look on Greg's face. [¶] I also certify that I was subjected to Narcotics abuse by other airmen and Supervisors at George Air Base from January 1979 to May 1980. I even recall an assistant flight chief handing me a pipe of Marijuana down the jet engine intake of an F-4 aircraft as I was performing a post flight inspection. I also encountered numerous sporadic infrequent periods of alcohol abuse during my military service from October 1978 to my arrest in September 1994." The declaration goes on to state, "The alcohol abuse was almost a routine part of Military life."

In my view, Coleman has not sufficiently alleged that he may suffer from (or may have suffered from) the qualifying condition of substance abuse. The petition alleges only that Coleman suffered unspecified "trauma" from "substance abuse" that he "encountered" in the military. It does not allege that he has ever abused or even used any drugs or alcohol at any time, either before, during, or after his military service. The declaration does not fill the gap in the petition's allegations. It states that Coleman was "subjected" to drug abuse by other personnel, "encountered" alcohol abuse, and so forth.

2

Like the petition, the declaration does not state that Coleman has ever used, let alone abused, any drugs or alcohol. By analogy to demurrer appeals, our review should be limited to "material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) Moreover, even if we were permitted to infer additional facts from Coleman's properly pleaded factual allegations, I do not believe the allegations support a reasonable inference that Coleman suffers from substance abuse. He alleges that he has encountered other people who engaged in substance abuse, but, in the absence of any allegation that he has ever used any drugs or alcohol himself, any inference that he suffers from substance abuse would be pure speculation. And being traumatized by other people's substance abuse is not a qualifying condition under subdivision (b) of section 1170.91.

Coleman's allegation of sexual trauma presents a closer question. On the one hand, the allegation in the petition is minimal and heavily qualified. Coleman does not assert that he suffers (or suffered) from sexual trauma. Rather, he states that it is his "contention" that he "plausibly" suffers from sexual trauma resulting from an unspecified sexual assault during his military service. The declaration likewise includes the odd qualification that he "plausibly" suffers from sexual trauma rather than a direct assertion that he does suffer from it.

On the other hand, subdivision (b) of section 1170.91 requires only that the petitioner "may be suffering from sexual trauma" as a result of his or her military service.

3

Coleman's declaration describes the alleged sexual assault in more detail than the petition, identifying both the location and the perpetrator, and the declaration asserts that Coleman suffers from sexual trauma as a result of that incident. Given the low statutory threshold ("may be suffering from"), and given that we are addressing only the sufficiency of the allegations, it is hard to see why the inclusion of the qualification "plausibly" would render the sexual trauma allegation inadequate. Pleadings and affidavits "on information and belief" are permissible in various contexts (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 88), and an allegation qualified by the word "plausibly" does not seem materially worse.

I conclude that Coleman sufficiently alleged a qualifying condition, namely, that he may suffer from sexual trauma as a result of his military service. The trial court therefore erred by denying the petition for failure to allege a qualifying condition.

On remand, the trial court should again conduct the noticed, public hearing required by subdivision (b)(3) of section 1170.91 in order to determine whether Coleman in fact satisfies (rather than merely alleges that he satisfies) the criteria in subdivision (b) of the statute. If the court determines that Coleman does in fact satisfy those criteria, then "the court may, in its discretion, resentence [him] following a resentencing hearing." (§ 1170.91, subd. (b)(3).) To the extent that the majority opinion reverses and remands for the further proceedings I have described, I concur in the judgment.

MENETREZ      

J.

4